United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 04-10843
Summary Calendar

—————————

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

JUANITA GONZALEZ ROCHA,

                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-335-ALL-A
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

     Juanita Gonzalez Rocha (Rocha) appeals her guilty plea conviction and sentence for possession of stolen mail in violation of 18 U.S.C. § 1708.

     For the first time on appeal, Rocha contends that the district court erred when it upwardly departed based on its finding that she was engaged in narcotics trafficking while awaiting sentencing because (1) the finding was neither admitted by her nor made by a jury beyond a reasonable doubt, and (2) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding was inconsistent with the district court's earlier order allowing her to remain out on release pending sentencing. Because Rocha did not object to the upward departure in the district court, this court's review is for plain error. See United States v. Mares, ___ F.3d ___, 2005 WL 503715, *7 (5th Cir. March 4, 2005).

After Rocha's appellate brief was filed but before the Government submitted its brief, the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Further, the Court excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the Federal Sentencing Guidelines effectively advisory. Id. at 764-65.

Even if Rocha could establish Booker error, she has not demonstrated that this error affected her substantial rights. Rocha has failed to point to any evidence in the record indicating that the same sentence would not have been imposed had the district court known that the Guidelines were advisory. The record itself gives no indication that the district court would have reached a different result under an advisory guidelines scheme. The district court, in its discretion, upwardly departed

from the 10 to 16 month guideline sentencing range and sentenced Rocha to 28 months of imprisonment based on its determination that the guideline sentencing range was not adequate to take into account Rocha's criminal conduct and the likelihood of recidivism. Given the lack of evidence indicating that the district court would have reached a different conclusion, Rocha has not demonstrated that her substantial rights were affected, and, thus, she has failed to establish plain error. See Mares, 2005 WL 503715 at **8-9.

Further, the district court's finding at sentencing that Rocha was engaged in narcotics trafficking was not inconsistent with its earlier finding that Rocha violated a condition of release by failing to report the incident to pretrial services. Thus, Rocha has failed to establish plain error. See id. at *8.

Accordingly, the district court's judgment is AFFIRMED.